UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VILLAGE CAPITAL & INVESTMENT, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PAMELA M. MILLER, and DOES 1 – 5,<br><br>Defendants. | Case No. 2:16-cv-01011-TLN-KJN<br><br>**SUA SPONTE REMAND ORDER** |

This matter is before the Court pursuant to Defendant Pamela M. Miller's ("Defendant") Notice of Removal and Motion to Proceed in Forma Pauperis. (ECF Nos. 1 & 2.) For the reasons set forth below, Defendant's Motion to Proceed in Forma Pauperis is GRANTED, and the Court hereby REMANDS the action to the Superior Court of California, County of Nevada, due to lack of subject-matter jurisdiction.

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Defendant filed the instant Notice of Removal and Motion to Proceed in Forma Pauperis on May 12, 2016. (ECF Nos. 1 & 2.) The case was removed from the Superior Court of Nevada County, where Plaintiff Village Capital & Investment ("Plaintiff") filed an unlawful detainer action against Defendant under Cal. Code Civ. P. § 1161.

The following is a partial list of the stated reasons for removal:

- "When Defendant makes an appearance in the state court, the state court ignores her, refuses to accept her requests for equitable relief, and she cannot be heard as a

1

homeowner.  Plaintiff committed fraud bringing federal issues of fair housing and urban development issues to the Nevada County Superior Court without the promissory note under the scheme of an unlawful detainer, hiding in sheep clothing the true federal fair housing and retaliatory discrimination issues, and civil rights discrimination." (ECF No. 1 at 5–6.)

- "[I]f the procedure supplied by the state to adjudicate the constitutional claim violates the requirements of due process, then the federal court may not grant the state judgment preclusive effect." (ECF No. 1 at 6.)

- "Defendant is entitled to remove the above-entitled and numbered cause to the United States District Court, under 28 U.S.C. § 1443(1) because under [the] California Civil Code she is denied or cannot enforce his [sic] equal rights to contract for and secure her property rights in [state court]." (ECF No. 1 at 7.)

- "Defendant further alleges that the California Civil Code procedures authorizing evictions violate 42 U.S.C. §§ 1981–1982…." (ECF No. 1 at 7.)

- "The state court interfered with Defendant's rights to a fair and impartial jury trial by changing the actual date that the court itself had set." (ECF No. 1 at 9.)

- "<u>CIVIL RIGHTS REMOVAL IS AN EXCEPTION TO THE WELL PLEADED COMPLAINT RULE</u>."[1]  (ECF No. 1 at 10.)

II.     **STANDARD OF LAW**

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980

---

[1] The authorities cited by Defendant for this point are: *McCullough v. Ligon*, 430 F. Supp. 2d 846, 850 (E.D. Ark. 2006); *Neal v. Wilson*, 112 F.3d 351, 355 (8th Cir. 1997).  Neither of these cases dealt with unlawful detainer, and both found removal to be improper.  Defendant does not satisfy her burden of showing removal is proper, simply by stating: "[u]nlike the Defendant in Neal v. Wilson, Defendant can and will at trial []show[] that Plaintiff used the Non Judicial State law which prevent[ed] her from raising her federal claims in state court …." (ECF No. 1 at 10.)

2

F.2d 564, 566 (9th Cir. 1992) (per curiam). Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, as amended, 387 F.3d 966 (9th Cir. 2004), cert. denied 544 U.S. 974 (2005).

The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 386. Removal cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a federal question, whether filed in state court or federal court. *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Gully v. First Nat. Bank,* 299 U.S. 109, 113 (1936) ("the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal"); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

### III.   CONCLUSION

The Court does not locate a basis for removal within the unlawful detainer complaint itself. The basis for the complaint is: "Defendants have occupied the Premises since the foreclosure sale without the consent of Plaintiff. Defendants' title to and/or right to possess the Premises was extinguished by the foreclosure sale." (ECF No. 1 at 26.) The statutory basis for relief is Cal. Code Civ. P. § 1161, and the demand is for less than $10,000. (ECF No. 1 at 25.) "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 386. The face of the complaint shows this matter to be an unlawful detainer action brought under state law.

Defendant has properly filed an application to proceed in this Court without prepaying fees or costs (ECF No. 2); therefore the Motion to Proceed in Forma Pauperis is GRANTED. The Court hereby REMANDS this action to the Superior Court of California, County of Nevada.

///

///

///

1       IT IS SO ORDERED.

2 Dated: May 13, 2016

                                              Troy L. Nunley
                                              United States District Judge